John J. Janis [ISB No. 3599]
HEPWORTH HOLZER, LLP
537 W. Bannock Street, Ste. 200
P.O. Box 2582
Boise, ID 83701-2582
Telephone No. (208) 343-7510
Fax No. (208) 342-2927

Attorneys for Creditors Betty Grant, Pamela Grant,
Mary Grant Coster, Kathleen Grant Khosrowshahi,
Angela Grant, Theresa Grant-Narasimhan

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>SAFE HAVEN HEALTH CARE, INC.,<br><br>Debtor. | Case No. 18-01044-JDP<br>**AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Chapter 11 |

      Betty Grant, Pamela Grant, Mary Grant Coster, Kathleen Grant Khosrowshahi, Angela Grant, and Theresa Grant-Narasimhan (hereinafter "Creditors"), by and through their attorneys of record, Hepworth Holzer, LLP, hereby move that they be granted a relief from automatic stay for cause, to allow them to proceed with the settlement of their claims against the debtor, Safe Haven Health Care, Inc., in a wrongful death action filed in Blaine County, Idaho, Fifth Judicial District of the State of Idaho, Case No. CV07-18-00043, filed on January 24, 2018.

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY - 1

## INTRODUCTION

Mr. Bill Grant was a full-time resident at the Defendant's facility in Bellevue, Idaho. On July 18, 2017, Mr. Grant was transported by an employee of Safe Haven from its facility in Bellevue to a doctor's appointment in Hailey at the St. Luke's Family Medical Clinic. Mr. Grant was wheel-chair bound. During the ride back from his doctor's appointment, Defendant's employee failed to properly secure Mr. Grant and his wheel-chair inside the van he was being transported in. When the Defendant's driver made a turn, Mr. Grant was ejected from the wheel-chair and landed inside the vehicle with such tremendous force he sustained multiple injuries, including catastrophic head injuries and fractures at the C1-2 level of his neck. Mr. Grant was unable to survive the injuries sustained and died four days after the accident on July 22, 2017. Creditor Betty Grant is the surviving spouse of Bill Grant. Creditors Pamela Grant, Mary Grant Coster, Kathleen Grant Khosrowshahi, Angela Grant, and Theresa Grant-Narasimhan are the surviving daughters of Bill Grant.

A mediation was held on June 29, 2018. Negotiations continued for a number of days and an agreement to settle Creditors' claims was reached with two insurance companies that provide liability coverage applicable to the claims. The settlement funds, the amount of which is confidential, will be wholly paid out of the liability insurance proceeds.

Creditors request that the Court grant their Motion for Relief from Automatic Stay so that they can proceed with the settlement agreed to with Debtor's insurance carriers.

## GROUNDS FOR RELIEF

Creditors respectfully request relief from automatic stay for cause, pursuant to 11 U.S.C. § 362(d)(1) and (2), to allow them to pursue the settlement reached with Debtor's

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY - 2

insurance carriers.

> The Court "shall grant relief from the stay" for the following reasons:
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest (2) with respect to a stay of an act against property under subsection (a) of this section, if -
> (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization;…

11 U.S.C. § 362(d)(1) and (2). Pursuant to the statute, and specifically paragraph (d)(2), the relief from stay should be granted if the debtor does not have equity in the property being pursued, and such property is not necessary to an effective reorganization of the bankruptcy estate.

In Creditors' case, they have reached an agreement with Debtor's insurance carrier within the limits of the liability coverage. Debtor has no equity in the liability limits, and the liability limits will not be used as an asset to reorganize or pay debts of the Debtor.

No party in interest will suffer prejudice if the automatic stay is lifted and Creditors are allowed to receive the settlement funds agreed to. For this reason, Creditors request that the Court grant their Motion for Relief from Automatic Stay and allow them to finalize the settlement agreed to with the insurance carriers.

## RULE 4001.2 NOTICE

Pursuant to Rule 4001.2 of the local bankruptcy rules, any party in interest opposing the Motion must file and serve an objection thereto not later than 17 days after the date of service of the Motion. The objection shall specifically identify those matters contained in the Motion that are at issue and any other basis for opposition to the Motion. Absent the filing of a timely objection, the Court may grant the relief sought without a hearing. As set forth in Rule

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY - 3

4001.2(d)(3), if an objection is filed to this relief Motion, the objection must be served upon the movant and upon all parties receiving service of the Motion. In accordance with Rule 4001.2(e)(1), a party opposing a motion shall contact the Court's calendar clerk to schedule a preliminary hearing. At the time of filing the objection to a motion, the objecting party shall file and serve a notice of such hearing.

In addition, pursuant to Local Bankruptcy Rule 4001.2(g) and 11 U.S.C. § 362(e), 30 days after a request under 11 U.S.C. § 362(d) for relief from the stay of any act against property of the estate under 11 U.S.C. § 362(a), such stay is terminated with respect to the party in interest making such request, unless the Court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section.

WHEREFORE, Creditors request that they be granted relief from the automatic stay so that they may proceed with the settlement agreement reached with the Debtor's insurance carriers.

DATED this 6th day of September, 2018.

HEPWORTH HOLZER, LLP

By /s/ John J. Janis
    John J. Janis
    Attorneys for Creditors

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY - 4

Document      Page 5 of 5

## CERTIFICATE OF SERVICE

The undersigned, a resident attorney of the State of Idaho, with offices at 537 W. Bannock Street, Suite 200, P.O. Box 2582, Boise, Idaho 83701-2582, and one of the attorneys for Creditors, certifies that on this 6th day of September, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@angstman.com |
| Chad Moody | chad@angstman.com |
| David Wayne Newman | uspt.region18.bs.ecf@usdoj.gov |
| U.S. Trustee | uspt.region18.bs.ecf@usdoj.gov |

Any others as listed on the Court's ECF Notice.

      /s/ John J. Janis
      John J. Janis