Robert J. Maynes, ISB No. 6905
**MAYNES TAGGART PLLC**
P.O. Box 3005
Idaho Falls, ID 83403
Telephone: (208) 552-6442
Facsimile: (208) 524-6095
Email: rmaynes@maynestaggart.com

*Counsel for Citizens Community Bank*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>SAFE HAVEN HEALTH CARE, INC.,<br><br>Debtor. | Case No. 18-01044 JDP<br><br>Chapter 11 |

**MOTION TO ENFORCE ADEQUATE PROTECTION STIPULATION**

COMES NOW Citizens Community Bank ("Citizens"), a secured creditor, by and through its attorney of record, Robert J. Maynes of Maynes Taggart PLLC, and hereby moves, pursuant to 11 U.S.C. §§ 105 and 362, and F.R.B.P. Rule 4001(d) and Court's inherent power to enforce its own orders, for enforcement of the Parties' *Stipulation for Adequate Protection* (Doc. 76) (the "Stipulation") and this Court's *Order Approving Stipulation for Adequate Protection* (Doc. 87), as follows:

**SUMMARY**

Citizens is requesting one of two alternatives. First, that Debtor be ordered to comply with the Stipulation and pay the Court approved and agreed upon adequate protection payments. Alternatively, that Citizens be granted the stay relief under its previously filed Motion for (Doc. 64) which is incorporated herein by reference.

# BACKGROUND

1. Citizens Community Bank ("Citizens") is a pre-petition lender, secured by a properly perfected lien in Debtor's real property located in Blaine County, Idaho—specifically 620 North 6th Street, and 700, 701, 702, 704, 706, 708 and 710 Safe Haven Lane, Bellevue, Idaho 83313 and more particularly described as follows:

> Lots 1A, 2A, 3A, 4A, 5A, 6A, 7A and 8A of Block 1 of Safe Haven Bellevue Amended, Blaine County, Idaho, according to the official plat thereof, recorded as Instrument No. 627421, records of Blaine County, Idaho.
>
> Said property was formerly described of record as: Lots 1, 2, 3, 4, 5, 6, 7 and 8 of Block 1 of Safe Haven Bellevue, Blaine County, Idaho, according to the official plat thereof, recorded as Instrument No. 607124, records of Blaine County, Idaho.
>
> (The "Subject Property").

2. The Deed of Trust on the Subject Property was recorded on January 23, 2014, as Instrument No. 616388 in the official records of the County Recorder of Blaine County, Idaho. *Stipulation* at p. 1.

3. As of August 10, 2018 the unpaid principal balance owed to Citizens was $4,106,138.32 and $47,535.47 in accrued interest. Default interest, advances for attorney's fees and costs continue to accrue. *Stipulation* at p. 3.

4. During 2018, the Debtor missed several payments on its loan with Citizens, namely the payments for February, April, June, July and August 2018, with each payment in the amount of $29,403.47, for a total arrearage of not less than $147,017.35. *Id.* at p. 2.

5. On August 8, 2018, Debtor filed its chapter 11 bankruptcy petition. Dkt. No. 1.

6. On September 20, 2018, Citizens filed its *Motion for Relief from Automatic Stay and Notice of Opportunity to Object and Request a Hearing* (Doc. 64)(the "Stay Relief Motion") and the supporting *Amended Affidavit of Michael B. Schwartz* (Doc. 67), which are incorporated herein by reference.

7. On October 3, 2018, the Debtor and Citizens executed and filed their *Stipulation for Adequate Protection* as Docket 76 (referred to herein as the "Stipulation").

8. On October 4, 2018, the Court granted Debtor's motion for use of cash collateral and entered the *Order Granting Motion for Continued Use of Cash Collateral* (Doc. 78) (the "Cash Collateral Order").

9. Notably, the budget attached as Exhibit A to the Cash Collateral Order expressly includes a line item "Mortgage-Citizens Comm. Bank" providing for monthly payments of $29,404 from August to December. Doc. 78 at p. 4.

10. On October 11, 2018, the Court entered the *Order Approving Stipulation for Adequate Protection* (Doc. 87).

11. Pursuant to the Stipulation, the Debtor agreed to pay as adequate protection the sum of $29,403.47 a month, with such sums due on or before the first of each month. *Stipulation* (Doc. 76) at p. 4, Paragraph 1.

12. In addition, the Debtor agreed to pay adequate protection for the months of August, September and October, namely the sum of $88,210.41, on or before ten (10) calendar days from Court approval of the Stipulation. *Id.*, Paragraph 2.

13. Ten (10) calendar days from Court approval of the Stipulation expired on October 22, 2018 (October 21, 2018 falls on a Sunday).

14. Notwithstanding the Stipulation and the Court's approval of the same, <u>Debtor has made no adequate protection payments to Citizens</u>.

15. On October 24, 2018,[1] Citizens' counsel provided Notice of Default via Email and U.S. Mail to Debtor's counsel, Messrs. Christensen and Moody. A copy of the emailed Notice of Default is attached hereto as Exhibit "A" and incorporated herein by reference.

16. On November 1, 2018, Debtor's counsel contacted Citizens' counsel by phone acknowledging the lack of adequate protection payments and seeking to negotiate substantial reductions in the sum required under the Stipulation.

17. As of the filing of this motion, the outstanding adequate protection payments due and owing under the Stipulation total $117,613.88 (for August through November) and it is anticipated that the Debtor will similarly decline to honor its agreement to make the December adequate protection payment in the amount of $29,403.47 which is due December 3, 2018 (December 1st falling on a Saturday).

18. As such, at the time of the hearing on this motion, Debtor will owe a total of $147,017.35 in unpaid adequate protection payments to Citizens.

## POINTS & AUTHORITIES

As this Court has previously explained:

> This Court has repeatedly emphasized the importance of strict compliance with stipulations negotiated by parties in pending bankruptcy cases. . . . Such stipulations play a critical role in the bankruptcy process. If obedience to the promises made in connection with a bankruptcy case is

---

[1] While the letter is dated October 23, 2018, the email was actually sent on October 24, 2018.

easily excused, negotiations between parties will be chilled and the process of obtaining cooperation and consensus in bankruptcy cases will be impaired. *In re Blele*, 03.1 IBCR 85, 86 (Bankr. D. Idaho 2003)(internal citations omitted).

Chief Judge Myers has similarly noted the importance of stipulations in the bankruptcy cases.

> Decisional law is rife with observations about the importance of negotiated settlements of disputes. They are, for several prudential reasons, to be encouraged. This might be viewed as particularly true in bankruptcy litigation, where the preciousness of both time and money is accentuated. To be of value, however, settlements must be enforceable and must be enforced. If parties were at liberty to disavow or modify their prior agreements, there would be a serious impact on the utility of freely-bargained settlements of disputes. . . . This Court has therefore been loath to tolerate a party's attacks on or disavowal of prior settlement agreements. *In re AICO Recreational Properties, LLC*, 03.2 IBCR 105, 107 (Bankr. D. Idaho 2003) (internal citation omitted).[2]

The AICO decision is somewhat similar to the current case. In AICO the debtor agreed to make monthly adequate protection payments, to file a disclosure statement and plan by a date certain, prepare and file operating reports and budgets and to pay post-petition property taxes through a stipulation by counsel in open court. *Id.* at 105. The agreement in open court was made and accepted by the Court in January. In May, after debtor defaulted under the agreement, the creditor submitted an *ex parte* motion seeking relief from stay, which the Court granted. The debtor appealed the stay relief order and also sought relief from the bankruptcy court asserting that the January agreement should not be enforced because it was never reduced to writing. *Id.*

The AICO Court upheld the agreement, noting "While the agreement . . . , first

---

[2] *See also Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002) (enforcing settlement terms placed on the record, agreed to in open court and plaintiff refused to sign written agreement and sanctioning plaintiff).

MOTION TO ENFORCE ADEQUATE PROTECTION STIPULATION
Page 5

made on the open record and then memorialized, may have been regretted or even made by the lawyer without his client's consent, it was nevertheless entitled to be enforced, and 'neither ignorance nor carelessness on the part of a litigant *or his attorney* provides grounds for relief . . . .'". *Id.* at 107 (*citing In re Bish's Boys, LLC*, 02.1 IBCR 6 (Bankr. D. Idaho 2002).

Here, there is a written stipulation, not just an oral agreement on the record. And, the Court has approved the Stipulation. Debtor has offered no explanation for its failure to abide by its agreement. And even if the Debtor offers some excuse now, the Court should be leery of forcing a modification of the parties' agreement given the chilling effect such action will have in this case, and in general on the chapter 11 process.

## CONCLUSION

For the reasons set forth above, Citizens respectfully requests that Debtor be ordered to make the payments it previously agreed to, or alternatively, that stay relief be entered as to the Subject Property, consistent with the Stipulation and/or the relief requested in the Stay Relief Motion.

DATED:     November 30, 2018

        MAYNES TAGGART PLLC

        /s/ *Robert J. Maynes*
        ROBERT J. MAYNES

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on November 30, 2018, I filed a copy of the foregoing pleading with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

Matthew Todd Christensen on behalf of Debtor Safe Haven Health Care, Inc.
mtc@angstman.com, mtcecf@gmail.com; govai@angstman.com; megan@angstman.com; ecf@angstman.com; atty_christensen@bluestylus.com

R Fred Cooper on behalf of Creditor Hands of Hope Home Health and Hospice
rfclaw@ida.net, rfredcooperlaw@gmail.com

Gregory L Crockett on behalf of Creditor Bank of Idaho
gregcrockett@hopkinsroden.com, tammytheiler@hopkinsroden.com

William M Humphries on behalf of Creditor Internal Revenue Service
bill.humphries@usdoj.gov, jessica.black@usdoj.gov

William M Humphries on behalf of Creditor U.S. Small Business Administration
bill.humphries@usdoj.gov, jessica.black@usdoj.gov

John J Janis on behalf of Creditor Betty Grant - johnjanis@aol.com

John F Kurtz, Jr on behalf of Creditor Idaho Associates, LLC; Omega Healthcare Investors, Inc. and Pocatello Idaho Property, LLC -
jkurtz@hawleytroxell.com, tnmiller@hawleytroxell.com

David Henry Leigh on behalf of Creditor ZB, N.A. – dleigh@rqn.com, dburton@rqn.com; docket@rqn.com

Chad Moody on behalf of Debtor Safe Haven Health Care, Inc.
chad@angstman.com, govai@angstman.com; megan@angstman.com; ecf@angstman.com

David Wayne Newman on behalf of U.S. Trustee US Trustee
ustp.region18.bs.ecf@usdoj.gov

Randall A Peterman on behalf of Creditor ZB, N.A.
rap@givenspursley.com,  kad@givenspursley.com;wandawhite@givenspursley.com

Janine Patrice Reynard on behalf of Creditor Rebecca Taylor
jpr@magicvalleylaw.com

US Trustee - ustp.region18.bs.ecf@usdoj.gov

MOTION TO ENFORCE ADEQUATE PROTECTION STIPULATION
Page 7

Brent Russel Wilson on behalf of Creditor Idaho Associates, LLC, Omega Healthcare Investors, Inc., and Pocatello Idaho Property, LLC - bwilson@hawleytroxell.com, cdavenport@hawleytroxell.com

And as otherwise reflected on the Court's Notice of Electronic filing.

    I HEREBY FURTHER CERTIFY that on November 30, 2018, I served a copy of the attached document on the Court and on the following party via postage prepaid, first class, U.S. Mail:

Safe Haven Health Care, Inc.
Attn: Scott Burpee, Pres.
8050 West Northview
Boise, ID 83704

Eastern Idaho Development Corporation
Attn: Samantha Damron, RA and Director
1651 Alvin Ricken Drive
Pocatello, ID 83201

And on the Twenty Largest Unsecured Creditors as set forth on the following page.

                                */s/ Robert J. Maynes*
                                Robert J. Maynes

| | | |
|---|---|---|
| State of Idaho Medicaid<br>PO Box 83720<br>Boise, ID  83720-0009 | Strategies 360 Inc.<br>1505 Westlake Ave. North Ste. 1000<br>Seattle, WA  98109 | AACO A-1 Health Care Service<br>PO Box 75111<br>Seattle, WA  98175-0111 |
| AAMCO Medical, LLC<br>9847 S. 500 W., Ste. 200<br>Sandy, UT  84070-2576 | Blaine County<br>219 First Ave. South, Ste. 102<br>Hailey, ID  83333 | Colonial Funding Network<br>120 West 45th<br>New York, NY  10036 |
| Hansen Hunter and Co.<br>8930 SW Gemini Drive<br>Beaverton, OR  97008 | Holland and Hart<br>800 W. Main Street #1750<br>Boise, ID  83702 | ID Dept. of Health & Welfare<br>Central Revenue Unit<br>PO Box 83720<br>Boise, ID  83720-0036 |
| Independence Rehab<br>5314 River Run Dr., Ste. 140<br>Provo, UT  84604 | McKesson Medical-Surgical<br>8121 10th Ave. N.<br>Minneapolis, MN  55427 | Medsource Incorporated<br>10520 South 700 East, Ste. 210<br>Sandy, UT  84070 |
| Noridian Healthcare Solution<br>PO Box 6722<br>Fargo, ND  58108-6722 | Omega Mental Health<br>5985 W. State Street<br>Boise, ID  83703 | Sage Health Care PLLC<br>413 N. Allumbaugh St. Ste. 101<br>Boise, ID  83704 |

**From:** **Theresa Carson** tcarson@maynestaggart.com
**Subject:** Default under Stipulation - Safe Haven Health Care
**Date:** October 24, 2018 at 11:06 AM
**To:** mtc@angstman.com, **Chad Moody** chad@angstman.com
**Cc:** **Robert Maynes** rmaynes@maynestaggart.com



Gentlemen, Mr. Maynes has asked that I forward the attached for your review.  The original is in the mail.

Theresa G. Carson
Legal Assistant
Maynes Taggart PLLC
(208) 552-6442 (Phone)
(208) 524-6095 (Fax)
<u>tcarson@maynestaggart.com</u>
**(PLEASE NOTE MY NEW EMAIL ADDRESS)**

Confidentiality Notice:  This message is intended only for the use of the individual or entity to which it is addressed.  It may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, any dissemination or distribution of this communication to other than the intended recipient is strictly prohibited.  If you have received this communication in error, please notify us immediately by reply email to the sender or collect telephone call to (208) 552-6442.

Internal Revenue Service Circular 230 Disclosure:  Please note that any discussion of or advice regarding United States tax matters contained herein (including any attachments hereto) does not meet the requirements necessary to be a "covered opinion" as defined in Internal Revenue Service Circular 230, and therefore, is not intended or written to be relied upon or used and cannot be relied upon or used for the purpose of avoiding federal tax penalties that may be imposed or for the purpose of promoting, marketing, or recommending any tax-related matters or advice to another party.



2018.10.23 L Mayne...EN.pdf

**EXHIBIT "A"**

**Page 1 of 3**



**Maynes Taggart PLLC**

**ATTORNEYS AT LAW**
525 PARK AVE., SUITE 2E
P.O. BOX 3005, IDAHO FALLS, ID 83403
PHONE: (208) 552-6442
FAX: (208) 524-6095

October 23, 2018

<u>Via US Mail and Email</u>
Matthew T. Christensen, Esq.
Chad R. Moody, Esq.
3649 N. Lakeharbor Lane
Boise, ID 83703
mtc@angstman.com
chad@angstman.com

      RE:    Safe Haven Health Care, Inc., BK Case No. 18-01044-JDP
               Default under Stipulation for Adequate Protection

Dear Mr. Christensen:

      As you know, this office is pleased to represent Citizens Community Bank ("CCB") in the Safe Haven Health Care Chapter 11 bankruptcy proceeding.

      As you know, the *Stipulation for Adequate Protection* (Dkt. No. 76) ("Stipulation") entered into between CCB and the Debtor provided that the Debtor would make adequate protection payments in the monthly amount of $29,403.47. In addition, the three (3) monthly payments from the petition date through October, were supposed to have been made within ten (10) calendar days of Court approval of that stipulation in the total amount of $88,210.41. The Court approved the Stipulation on October 11, 2018 (Dkt. No. 87) and thus that first lump sum payment was due on or before October 21, 2018.

      Unfortunately, my client indicates that no such payment has been made.

      Unless this default is corrected within the next ten (10) days, CCB will move forward with its stay relief motion based on the breach of the Stipulation for Adequate Protection.

**EXHIBIT "A"**
**Page 2 of 3**

Matthew T. Christensen, Esq.
Re: Default of Stipulation
Page No. 2

    This letter is intended to give you the required written notice of default as required by Paragraph 4 of the Stipulation. Naturally, if you have any questions regarding the substance of this letter, please do not hesitate to give me a call.

    Very truly yours,

    MAYNES TAGGART PLLC

    */s/ Robert J. Maynes*

    ROBERT J. MAYNES

RJM/tgc
cc: Dan Heiner via email
   Nathan Christensen via email
   Mike Schwartz via email

**EXHIBIT "A"**
**Page 3 of 3**