HOPKINS RODEN CROCKETT
  HANSEN & HOOPES, PLLC
Gregory L. Crockett, ISBN 1640
428 Park Avenue
Idaho Falls, Idaho 83402
Telephone:  208-523-4445
Facsimile:  208-523-4474
Email:  gregcrockett@hopkinsroden.com

Attorneys for Bank of Idaho

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>SAFE HAVEN HEALTH CARE, INC.,<br><br>Debtor. | Case No. 18-01044-JDP |

**BANK OF IDAHO'S MOTION AND APPLICATION
FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES**

---

**NOTICE OF MOTION AND APPLICATION
FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES**

<u>No Objection</u>.  The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within twenty-one (21) days of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

<u>Objection</u>.  Any objection shall set out the legal and/or factual basis for the objection.  A copy of the objection shall be served on the movant.

<u>Hearing on Objection</u>.  The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

---

BANK OF IDAHO'S MOTION AND APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES - 1

COMES NOW, BANK OF IDAHO (hereinafter "BOI"), an Interested Party and Lessor, and hereby moves the Court for an Order Allowing Administrative Expenses pursuant to 11 U.S.C. §503(b)(1)(A), Bankruptcy Rule 1019, and Local Bankruptcy Rule 1019.1. In support of this Motion, BOI represents the following:

1. BOI is the Lessor of furniture, fixtures and equipment to the Debtor in the original amount of $151,854.44; less lease/adequate protection payments received in the amount of $6,602.16 for the months of February 2019 through January 2020 and the sum of $9,376.22 received from Cascadia, the Buyer of the Debtor-in-Possession's (DIP) Bell Mountain or Bellevue facility. (Doc. #51-1)

2. Currently BOI has a secured claim of $73,337.76. See BOI *Proof of Claim* #25.

3. BOI's claim has not been questioned or disputed by anyone including the Debtor.

4. At the Debtor's final hearing on its *Emergency and Continuing Motion for Authorization to Use Cash Collateral* on August 30, 2018, the DIP was granted authority for the use of cash collateral for purposes specified in such motion and a written Order was entered by the Court on October 4, 2018. (Doc. #78) The Order authorizes payments for "Leased Equipment" (including BOI) starting September 2018 in the total amount of $9,951.00.

5. Lease payments owed to BOI in the amount of $6,602.16 per month were <u>not</u> paid for the months of July 2018 through January 2019 or seven (7) months totaling $46,215.12. See *Declaration of Lewis Blurton* (Doc. #469).

6. The Debtor is a "health care business" which included its health care facility in Bellevue, Idaho a/k/a Bell Mountain. That facility continued to operate after the filing date and continued to operate as a "going concern" until it was sold to Cascadia on February 1, 2020. The conditions of sale included the assignment and assumption of the BOI Lease ("Lease").

7. Pursuant to the Lease, BOI provided certain furniture, fixtures and equipment which was necessary for the DIP to continue its Bellevue health care business.

8. Continuation of the Lease was necessary to operate as a going concern and to preserve the value of the estate, i.e., the health care business.

9. The Lease payments to BOI therefore constitute part of the actual necessary costs and expense of preserving the estate.

10. The Debtor's Disclosure Statement states that BOI's equipment lease would be assigned to the Purchaser of the Bellevue property (Doc. #211, p.10).

11. In response to BOI's *Renewed Motion for Adequate Protection and Objection to Debtor's Second Cash Collateral Motion* (Doc #158), the Debtor again agreed to make adequate protection/lease payments to BOI in the amount of $6,602.11 per month.

12. The Court entered its *Order Granting Continued Use of Cash Collateral* on 2-19-19 (Doc #203) authorizing the payment of the "leases."

13. In the *Debtor's Second Amended Liquidating Chapter 11 Plan* dated May 3, 2019, (Doc #306, p. 16) the Debtor proposes the satisfaction of BOI's allowed secured claim as follows:

        a)      Payment of $22,778.17 from insurance proceeds related to the Pocatello facility fire; and

        b)      Assignment and Assumption of BOI's Lease by the Purchaser of the Bellevue facility a/k/a Bell Mountain Village.

14.    In its *Motion for Approval of Sale of Property (Bell Mountain Village)*, the Debtor proposes the assignment/assumption of the BOI Lease to the Purchaser. (See Doc #373, p. 1, para. 1.B)

15.    The *Purchase Agreement* (Doc #402, p.5) provides in pertinent part as follows:

"… the Seller represents and warrants that all Leased Equipment listed on Exhibit E is present in the Facility, in good working order, notwithstanding normal wear and tear; <u>and that all payments under the Equipment Lease from its commencement through the closing date have been or will have been made</u>, and no breach or other event of default has occurred or exists uncured …" (Emphasis added)

16.    In reliance and based on that contract language and the previous record in the case, BOI made no objection to the sale or the subject Purchase Agreement despite the fact that it had not been paid monthly payments of $6,602.11, for the months of July 2018 through January 2019 and despite the fact that no insurance proceeds had been received for leased property lost in the Pocatello fire.

WHEREFORE, BOI moves and hereby requests payment of the sum of **$46,215.12** as an administrative expense in the Chapter 7 case as and for the actual, necessary costs and expense of preserving the estate during the pendency of the Chapter 11 case.

BANK OF IDAHO'S MOTION AND APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES - 4

DATED this 14th day of May, 2020.

                      HOPKINS RODEN CROCKETT
                      HANSEN & HOOPES, PLLC


                      By /s/ Gregory L. Crockett
                        Gregory L. Crockett
                        Attorneys for Bank of Idaho

BANK OF IDAHO'S MOTION AND APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES - 5

CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

| | |
|---|---|
| Leighton Aiken | laiken@fbfk.law |
| Matthew T. Christensen | mtc@angstman.com |
| R. Fred Cooper | rfclaw@ida.net |
| William M. Humphries | bill.humphries@usdoj.gov |
| John J. Janis | johnjanis@aol.com |
| Amber K. Kauffman | amber.kauffman@tax.idaho.gov |
| Peter J. Kuhn | peter.j.kuhn@usdoj.gov |
| John F. Kurtz | jkurtz@hawleytroxell.com |
| Julia D. Kyte | jkyte@djplaw.com |
| David Henry Leigh | dleigh@rqn.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| Robert J. Maynes | mayneslaw@hotmail.com |
| Alex P. McLaughlin | apm@givenspursley.com |
| Rhett M. Miller | rhett@pmt.org |
| Chad Moody | chad@angstman.com |
| Jason R. Naess | jason@pmt.org |
| David Wayne Newman | ustp.region18.bs.ecf@usdoj.gov |
| Randall A. Peterman | rap@givenspursley.com |
| Brian J. Porter | brian@hwmlawfirm.com |
| Gary L. Rainsdon | trustee@filertel.com |
| Janine P. Reynard | jpr@magicvalleylaw.com |
| Brent T. Robinson | btr@idlawfirm.com |
| Louis V. Spiker | lvs@magicvalleylaw.com |
| Steven L. Taggart | staggart@maynestaggart.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Brent Wilson | bwilson@hawleytroxell.com |

   /s/ Gregory L. Crockett
   Gregory L. Crockett

BANK OF IDAHO'S MOTION AND APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES - 6